UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LUMPKIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAIL ROOM CLERKS, et al.,<br><br>　　　　　Defendants. | CASE NO. C17-1644 RAJ<br><br>ORDER |

　　This matter comes before the court on Plaintiff's second Motion to Appoint Counsel ("Motion"). Dkt. # 64. Defendants have opposed the Motion, and Plaintiff has not filed a reply. Dkt. # 65.

　　This is a case brought under 42 U.S.C. § 1983 and, as a general matter, Plaintiff has no right to counsel. *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show he has an

insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman,* 390 F.3d at 1103.

Plaintiff requests appointment of counsel on the grounds that his imprisonment will limit his ability to litigate this case, which Plaintiff alleges contains "complex" issues that will require "significant research and investigation." Dkt. # 64 at 1. However, the Court finds that the legal issues raised by Plaintiff are not sufficiently complex to warrant the appointment of counsel. This case centers on whether Defendants' use of force in removing Plaintiff from his cell was excessive. Dkt. # 63. The factual allegations and arguments set forth by Plaintiff in his complaint (Dkt. # 6) and summary judgment briefing (Dkt. # 59) show that he is able to articulate his claims and otherwise represent himself *pro se*. Plaintiff's incarceration has not stopped Plaintiff from pleading a 1983 claim, participating successfully in discovery, and prevailing in large part on summary judgment. Dkt. # 66. Although most parties would benefit from attorney representation, that is not the standard for appointment of counsel in a civil case. *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998). Plaintiff must show *exceptional* circumstances and he has failed to make that showing here.

Just as Plaintiff failed to make the requisite showing in his previous motion for appointment of counsel (Dkt. ## 40, 54), Plaintiff's second Motion also fails. Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel. Dkt. # 64.

DATED this 12th day of September, 2018

The Honorable Richard A. Jones
United States District Judge

ORDER- 2